UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER TANNER SURBER (née BOLEN), ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | |
| ) | 1:21-cv-2181-JRS-MG |
| THE OBJECTIVE GROUP OF COMPANIES, ) | |
| LLC, OBJECTIVE SURGICAL, LLC, ) | |
| OBJECTIVE DIAGNOSTICS, LLC, and ) | |
| OBJECTIVE MEDICAL, LLC, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

Pending before the Court is Defendants' Motion for More Definite Statement, [Filing No. 12], which is now ripe for a decision.

## I.
### BACKGROUND

Plaintiff, a 45-year-old female, initiated this employment action against Defendants with the filing of a *pro se* Complaint on August 4, 2021. [Filing No. 1.] The Complaint generally alleges that after working for Defendants since 2011, Plaintiff was terminated from her position in August 2020. [Filing No. 1 at 10.] She alleges that she owns 4% of the shares (or "units") of the Defendant Objective Surgical, LLC and was promised additional shares. [Filing No. 1 at 10.] Plaintiff alleges that she was consistently paid less than male counterparts, despite having more responsibility and experience. She further contends that in 2017 she was "forced into signing an Employment Agreement that included two year non-compete language" and that she was the only employee required to sign such an agreement. [Filing No. 1 at 10.] In December 2018, Plaintiff alleges that after years of performing well and growing the companies, she was suddenly stripped

of her management duties and those duties were assumed by a male. [Filing No. 1 at 10.] In July 2020, she was reprimanded and began working remotely to avoid an alleged hostile environment. [Filing No. 1 at 10-11.] She was terminated in early August 2020. [Filing No. 1 at 11.]

Plaintiff's Complaint asserts claims under Title VII for gender discrimination and retaliation, the Age Discrimination in Employment Act of 1967 (the "ADEA") for discriminating against her on the basis of her age and retaliating against her when she complained, the Equal Pay Act of 1963 (the "EPA") for under-paying her in comparison to similarly situated males and for undervaluing her shares of the company. [Filing No. 1 at 5; Filing No. 1 at 11.] She further alleges that Defendants breached an operating agreement to which she is a party relating to the valuation and threatened cancellation of her shares of Objective Surgical. [Filing No. 1 at 11.] She also asserts that she has been "unable to move forward in [her] career due to the non-compete language in the Employment Agreement and Operating Agreement." [Filing No. 1 at 12.] Finally, she alleges that Defendants have violated Indiana law by not providing her with certain records and by not paying her a fair valuation of her shares of Objective Surgical and that Defendants have not engaged in "good faith and fair dealings" in their actions toward Plaintiff. [*See* Filing No. 1 at 11-12.]

A few days after the filing of Plaintiff's *pro se* Complaint, counsel entered an appearance on behalf of Plaintiff. [Filing No. 4.] Plaintiff's new counsel did not seek amend the Complaint, apparently choosing instead to continue with Plaintiff's original *pro se* Complaint.

## II.
### DISCUSSION

In Support of their Motion for More Definite Statement, Defendants contend that it is unclear whether Plaintiff intends to sue Nancy Gregori as a defendant in this action because, although Ms. Gregori is not listed as a Defendant on the Clerk's *pro se* complaint form, she is listed

in a caption on a supplement to the Complaint. [*See* Filing No. 12 at 1-2 (referring to Filing No. 1 at 8).] Although Plaintiff listed out various claims and summarized the alleged facts of her employment, [*see* Filing No. 1 at 10-12], Defendants claim that, with respect to Plaintiff's state-law claims, the Complaint is "vague and ambiguous as to whether she is directing state statutory or common law claims against any or all of the Defendants." [Filing No. 12 at 3.] As for the federal claims, Defendants claim that they cannot discern which of Plaintiff's claims are being directed at which Defendants. [Filing No. 12 at 3]. Finally, Defendants contend that the Court should order Plaintiff to amend her complaint because Plaintiff is no longer proceeding *pro se*, and therefore, her attorney should file a more traditional complaint rather than the form provided by the Clerk of Court for *pro se* litigants. [Filing No. 12 at 4.] Defendants ask the Court to order Plaintiff "to amend her complaint to: (1) specify which persons or entities are Defendants; (2) identify which claims are being directed at which Defendants; and (3) state the facts supporting each claim and legal theory." [Filing No. 12 at 4.]

Plaintiff did not respond to Defendants' Motion.

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A motion for more definite statement should be granted only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question." *Ind. Harbor Belt R.R. Co. v. United Rail Serv., Inc.*, 2018 WL 1811591, at * 3 (N.D. Ind. Apr. 17, 2018) (quoting Fed. R. Civ. P. 12(e) advisory cmte. note).

General federal pleading requirements guide courts in considering whether to grant a Fed. R. Civ. P. 12(e) motion. Fed. R. Civ. P. 8 sets forth a generous standard for construing claims for relief. *See* Fed. R. Civ. P. 8(a)(2) (requiring only a "short and plain statement of the claim showing

that the pleader is entitled to relief").  "Also because of the availability of extensive discovery, Rule 12(e) motions are disfavored and reserved for the rare case where the answering party will not be able to frame a responsive pleading." *Nikolic v. St. Catherine Hosp.*, 2011 WL 4537911, at *6 (N.D. Ind. Sept. 28, 2011) (internal quotation marks and citation omitted).  "If the pleading meets the requirements of Rule 8 and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement will not be granted." *Bell v. Oldcastle Glass, Inc.* 2008 WL 538210, at *1 (S.D. Ind. Feb. 25, 2008) (internal quotation marks and citation omitted).  A plaintiff "is not required to specify the laws or statutes applicable to his claims.  *Id.* at *2.

### A.   Clarifying the Defendants

Plaintiff has clearly identified The Objective Group of Companies, LLC, Objective Surgical, LLC, Objective Diagnostics, LLC, and Objective Medical, LLC as Defendants to this action.  (Indeed, each of these four Defendants are parties to Plaintiff's Employment Agreement, [Filing No. 1-1 at 1].).  However, the Court agrees that potential defendant Nancy Gregori cannot reasonably prepare a response because it is not clear that Plaintiff intends to sue her in this lawsuit.  Plaintiff did not list her as a defendant in the Clerk's form and did not request a summons for Ms. Gregori.  However, she is listed in a caption in an attachment to the Complaint.

Therefore, the Court **GRANTS** Defendants' Motion in so far as Plaintiff is ordered to file an amended complaint clearly identifying the intended defendants to this lawsuit, omitting Ms. Gregori from any captions if she is not a defendant.

### B.   Identifying Specific Claims with Specific Defendants

A plaintiff is not generally required to delineate which defendants claims are being asserted against under Fed. R. Civ. P. 8.  *See Scott v. City of Lake Station, Ind.*, 2021 WL 2291080, at *1 (N.D. Ind. June 4, 2021).  ("Although Plaintiff has conveniently labeled several of the Counts to

clearly delineate which defendants they are asserted against, these types of labels are not required under Rule 8.  The allegations contained within Counts VI, IX, and X put the relevant defendants on notice of claims asserted against them and thus, a more definite statement is unnecessary.").  However, doing so certainly helps the case proceed in an efficient manner, and because Plaintiff already needs to clarify whether Ms. Gregori is a defendant to this lawsuit, the Court will order Plaintiff to specify which claims are being asserted against which Defendant.  *See Doe v. Crown Point Sch. Corp.*, 2013 WL 1752474, at *3 (N.D. Ind. Apr. 23, 2013).  Plaintiff, now represented by counsel, is encouraged to identify specific legal claims as numbered "counts" or "claims."

The Court notes that Plaintiff has alleged that Defendants "are intertwined with common ownership common management, interrelation between operations, and centralized control of labor relations." [Filing No. 1 at 5.]  And, as already noted, Plaintiff's employment contract is with each of the four Defendants.  [Filing No. 1-1 at 1.]  It may well be the case that Plaintiff is asserting each claim against all four Defendants, but she should clarify if that is the case in her amended complaint.

Therefore, the Court **GRANTS** Defendants' Motion in so far as Plaintiff is ordered to file an amended complaint clearly identifying which claims are being asserted against which Defendants.

C.     **Identifying Additional Facts for Each Claim**

As noted above, Fed. R. Civ. P. 12(e) motions are disfavored and are not to be used as substitutes for discovery.  *See Nikolic*, 2011 WL 4537911, at *6.  Plaintiff's Complaint meets the Fed. R. Civ. P. 8 pleading standard and puts Defendants (once clarified by virtue of the amended complaint) on notice the grounds for Plaintiff's claims such that Defendants can reasonably prepare

a response to Plaintiff's claims.  See *Andrew v. Wexford of Indiana, LLC*, 2021 WL 3886607, at *2 (N.D. Ind. Aug. 31, 2021).

Therefore, the Court **DENIES** Defendants' Motion in so far as it seeks an order requiring Plaintiff's amended complaint to state additional facts supporting her claims.  That said, Plaintiff, now with the benefit of counsel, is certainly free to include additional allegations and organize her amended complaint in a more traditional format.

### III.
#### CONCLUSION

For the foregoing reasons, Defendants' Motion for More Definite Statement, [12], is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is **ORDERED to submit an amended complaint** clearly identifying the parties she is suing as defendants in this action and the claims being asserted against each defendant **within 14 days** of this Order.  See Fed. R. Civ. P. 12(e).

Date: 10/8/2021

                                               Mario Garcia
                                               United States Magistrate Judge
                                               Southern District of Indiana

**Distribution via ECF to all counsel of record**